*966 PRYOR, Circuit Judge:
Adin Abieser Peraza Recinos, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals that affirmed the decision of the Immigration Judge dismissing his application for asylum and withholding of removal. The Board ruled that Peraza’s application for asylum was untimely and that he failed to establish eligibility for withholding of removal because he failed to prove a nexus between the harm he feared and a protected ground. We lack jurisdiction to review the denial of Peraza’s application for asylum, and we deny his petition for review of the denial of his application for withholding of removal because the record does not compel a finding contrary to the decision of the Board.
I. BACKGROUND
Peraza entered the United States on March 23, 2003, when he was sixteen years old. On April 18, 2006, he applied for asylum, withholding of removal, and relief under the Convention Against Torture. On May 30, 2006, federal authorities charged Peraza with removability. The Immigration Judge held a removal hearing on June 13, 2006.
Peraza was the only witness who testified in support of his application. Peraza stated that he joined the PAN political party, a right-wing party, when he was fifteen years old. Peraza also stated that he was paid to help the PAN party distribute political flyers and t-shirts on the weekends and that members of the FRG political party, a left-wing party, had once attacked him while he worked and destroyed his flyers and t-shirts. Peraza testified that he did not sustain any injuries or receive any medical attention as a result of this incident. Peraza also testified that, on the same day, members of the FRG party shot at the home of his family from a car. Peraza did not recognize any individuals in the car, but he stated that he saw the FRG logo painted on the car. Peraza testified that he did not file a police report about the shooting.
Peraza could not explain why his PAN party membership card stated that he joined the party in 1996, when he was ten years old. Peraza also could not explain why the date he provided for the attack and shooting, February 19, 2003, was a Wednesday, even though he stated he distributed flyers and t-shirts on weekends. Peraza did not know how the FRG party knew where he lived. Peraza also stated that he had not relocated within Guatemala to avoid confrontations with the FRG party and that his family, who has not relocated, had not experienced any threats or attacks since he left for the United States.
The Immigration Judge denied Peraza’s application. The Immigration Judge denied Peraza’s application for asylum as' untimely and determined that Peraza failed to establish eligibility for withholding of removal because he failed to prove that he was persecuted on the basis of his political activity. The Immigration Judge found that Peraza’s testimony did not prove that the shooting incident occurred because of his political activities and that his documentary evidence did not corroborate his claims.
Peraza appealed, and the Board dismissed his appeal in September 2008. The Board noted that Peraza had not appealed the denial of his application for asylum and agreed with the Immigration Judge that Peraza failed to establish a nexus between the harm he feared and a protected ground. Peraza timely petitioned this Court for review of the denial of his application for asylum and withholding of removal.
*967 II. STANDARD OF REVIEW
Our standard of review is deferential. “[Findings of fact made by administrative agencies, such as the [Board of Immigration Appeals], may be reversed by this court only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings.” Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir.2004); see also 8 U.S.C. § 1252(b)(4)(B) (“[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contraryf.]”). “[W]e view the record evidence in the light most favorable to the agency’s decision and draw all reasonable inferences in favor of that decision.” Adefemi, 386 F.3d at 1027. “We may not ‘re-weigh the evidence’ from scratch.” Mazariegos v. United States Att’y Gen., 241 F.3d 1320, 1323 (11th Cir.2001) (quoting Lorisme v. INS, 129 F.3d 1441, 1444-5 (11th Cir.1997)). When the record could support or contradict the conclusion of the Board, we must affirm its decision. See Silva v. United States Att’y Gen., 448 F.3d 1229, 1236-37 (11th Cir.2006).
III. DISCUSSION
We lack jurisdiction to review the denial of Peraza’s application for asylum because he failed to appeal the decision of the Immigration Judge about the application to the Board. We “may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right,” 8 U.S.C. § 1252(d)(1), and an alien must raise a claim before the Board to exhaust his administrative remedies, Amaya-Artunduaga v. United States Att’y Gen., 463 F.3d 1247, 1250 (11th Cir.2006) (per curiam). The Immigration Judge determined that Peraza’s application for asylum was untimely because Peraza filed it on April 18, 2006, more than three years after he entered the United States on March 23, 2003, and Peraza failed to appeal this ruling to the Board. We lack jurisdiction over Peraza’s petition for review of the denial of his application for asylum.
We deny Peraza’s petition for review of the denial of his application for withholding of removal because the record does not compel a finding that Peraza proved a nexus between the harm he feared and a protected ground. Even though the Immigration Judge credited Peraza’s testimony, the Immigration Judge identified deficiencies in the testimony that prevented Peraza from proving that he reasonably feared persecution because of his political beliefs.
As an initial matter, the nature of Peraza’s political affiliation is unclear. The only political activity in which Peraza alleged that he participated was the distribution of leaflets and t-shirts for the PAN party, but it is “not even known whether these activities were done ... to assist in the party or as to serve as a job for [Peraza] to supplement his income.” The Immigration Judge “believe[d] that [the party identification card] submitted by [Peraza] ... raise[d] more question with respect to [his] credibility than [it] assisted in corroborating his claim” because the identification card stated that Peraza became affiliated with the PAN party when he was 10 years old, and Peraza testified that he started his political activities at the age of 15.
Even assuming Peraza was an active member of the PAN party, Peraza failed to prove that he is at risk of harm because of this affiliation. Peraza alleged that he was once attacked by members of the FRG party while he distributed leaflets and t-shirts on a weekend, but the date Peraza *968 mentioned in his testimony was a Wednesday. Even setting aside this inconsistency, based on Peraza’s own testimony, he was not harmed during this incident. Although Peraza asserts in his brief that members of the FRG party “tried to burn [him] alive,” that assertion is not supported by the record. Peraza alleged only that his political materials were taken and burned. As the Immigration Judge found, Peraza did not allege that he sustained any injuries or received any medical treatment related to this incident.
The only incident that the Immigration Judge considered as possible persecution occurred when individuals driving a car with the FRG party logo shot at Peraza’s home, but “[Peraza’s] evidence does not compel the conclusion that the shooting was connected to h[is] political activity.” Silva, 448 F.3d at 1238. Peraza’s testimony that the shots hit above the windows of the house and “did not actually penetrate into the house” does not establish that the shooting was even meant to injure any particular inhabitant of the residence he shared with his family, much less why the shooting occurred.
Peraza speculated that the shots were fired at his home because of his political activities, but he proved no facts to substantiate his opinion, no matter how sincere and reasonable it may have been. Peraza did not file a police report and, most importantly, “did not know how these individuals could have known where he resided.” Peraza did not recognize the driver or passengers in the car. The shooters did not say anything, and Peraza offered no proof that members of the FRG ever communicated that the shooting was related to Peraza’s political opinion.
Peraza did not offer any proof that compels a finding of a connection between the alleged shooting incident and his political activities. At the least, this absence of proof allows an inference that the shooting incident was unrelated to Peraza’s earlier political activities. See id. (holding that Silva did not prove a connection between an alleged shooting and her political activity). The Immigration Judge found from deficiencies in Peraza’s evidence that Peraza failed to prove a nexus between his political activities and the harm he feared, and we cannot “re-weigh” the evidence. Mazariegos, 241 F.3d at 1323. Because the absence of proof supports the finding of the Immigration Judge, even if some evidence may support a different finding, we must deny Peraza’s petition. Adefemi, 386 F.3d at 1027; 8 U.S.C. § 1252(b)(4)(B).
IV. CONCLUSION
Peraza’s petition is DISMISSED in part and DENIED in part.